# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 14, 2025

Lyle W. Cayce
Clerk

———————

No. 24-40754
Summary Calendar

———————

Lizette Lucio, *Individually and as Next Friend* M.A.L.; Marc Anthony Lucio, *Individually and as Next Friend of* M.A.L.; M.A.L.,

*Plaintiffs—Appellants*,

*versus*

Brownsville Independent School District; Norma Linda Gallegos, *Former Principal and Current Human Resources Director*; Jesus H. Chavez, *Superintendent*; Denise Garza, *Board Member*; Daniela Lopez-Valdez, *Board Member*; Oscar Garcia, *BISD Chief of Police*; Israel Tapia, *Officer*; Patrick Gabbert, *Officer*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:24-CV-54

———————————————————————

Before Clement, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40754

Marc Anthony Lucio and Lizette Lucio, individually and as next friend of their son, M.A.L. (collectively, Plaintiffs), sued the Brownsville Independent School District (BISD) and several of its current and former employees and board members (collectively, Defendants). Plaintiffs alleged violations of their rights under the United States and Texas Constitutions, for which Plaintiffs sought declaratory and injunctive relief. Defendants moved to dismiss Plaintiffs' claims, and the district court granted the motion in part, dismissing (1) Plaintiffs' claims based on the First and Fifth Amendments of the U.S. Constitution and (2) those claims based on Article I, Section 8 of the Texas Constitution. However, the district court's order specifically declined to reach Plaintiffs' Fourth Amendment claim and any claim based on Article I, Section 9 of the Texas Constitution. Plaintiffs appealed the district court order, and Defendants moved to dismiss the appeal for lack of jurisdiction. Because we lack jurisdiction over this appeal, we now GRANT Defendants' motion and DISMISS this appeal.

Defendants argue that this court lacks jurisdiction because Plaintiffs have appealed an order that is not final under 28 U.S.C. § 1291. "For purposes of § 1291, a final judgment is normally deemed not to have occurred until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010) (quotations omitted). Here, the district court's order did not end the litigation on the merits; it specifically noted that two claims remained pending. Thus, the order was not final and appealable under § 1291.

Plaintiffs contend that the order was appealable under 28 U.S.C. § 1292(a)(1), which provides courts of appeal with jurisdiction over "[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions." Plaintiffs argue that the district court's order falls under the ambit of

2

§ 1292(a)(1) because the order dismissed certain claims for injunctive relief and therefore qualifies as an interlocutory order "refusing . . . injunctions."

"[T]he first question under § 1292(a)(1) is whether the order appealed from *specifically* denied an injunction (whether permanent or preliminary), or merely had the practical effect of doing so." *E.E.O.C. v. Kerrville Bus Co.*, 925 F.2d 129, 131 (5th Cir. 1991). "If the order specifically denied an injunction, then under § 1292(a)(1) that order is appealable as of right, right away." *Id.* at 132. Here, the district court's order did not specifically deny an injunction; it merely noted the request for injunctive relief. *See Butler v. Denka Performance Elastomer LLC*, 806 F. App'x 271, 276 (5th Cir. 2020) (per curiam).

If, by contrast, the order only had the *practical effect* of denying an injunction, then the appealing party "must show both that the order may have serious, perhaps irreparable consequences, and that the order can only be effectively challenged by an immediate appeal." *Kerrville Bus Co.*, 925 F.2d at 132. Here, Plaintiffs have shown neither. Plaintiffs fail to even articulate why the order cannot be effectively challenged after a final judgment. *See Butler*, 806 F. App'x at 276. Thus, we have no jurisdiction under § 1292(a)(1).

Because there is no final judgment below, and because this is not a proper interlocutory appeal, we DISMISS for lack of jurisdiction.